IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KARLOS CEDENO MAYS,** | } |
| Movant, | } |
| v. | } Case No.: 2:12-cv-8055-RDP |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

### **MEMORANDUM OPINION**

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Movant Karlos Cedeno Mays, a federal prisoner acting pro se, pursuant to 28 U.S.C. § 2255. (Doc. #1). Movant requests that the court vacate his conviction and sentence on the ground that he received ineffective assistance from counsel with regard to his plea agreement. (Doc. #1 at 2, 15). However, regardless of the merits of the claim, the court cannot hear this case at this time because it is a successive petition filed without the permission of the United States Court of Appeals for the Eleventh Circuit. Therefore, the motion is due to be denied without prejudice for want of jurisdiction.

Movant challenges his criminal conviction (Doc. #416 in Case No.: 2:05-cr-297-RDP-PWG-1) for drug distribution and money laundering. He filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 16, 2009. (Doc. #1 in Case No.: 2:09-cv-8009-RDP-PWG). That motion was denied on July 13, 2010. (Docs. #16, 17, and 18 in Case. No.: 2:09-cv-8009-RDP-PWG). Movant did not appeal that decision. On August 23, 2012, Movant filed a second Section 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Doc. #1 in Case No.: 2:12-cv-8037). That motion was denied without prejudice on August 28, 2012 as the court lacked

jurisdiction to hear it because it was a subsequent Section 2255 motion filed without authorization from the Eleventh Circuit. (Docs. #2, 3 in Case No.: 2:12-cv-8037). The instant Motion is Movant's third successive Section 2255 petition.

A second or successive motion under 28 U.S.C. § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Section 2244 provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent an order from the court of appeals authorizing the consideration of the application, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F. 3d 1211, 1216 (11th Cir. 2003); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Movant has previously filed two Section 2255 motions. Both motions were denied and those denials have long since become final. Movant has not obtained an order from the Eleventh Circuit authorizing this court to consider this successive Section 2255 motion. Without such an order, this court lacks jurisdiction to consider the instant Section 2255 motion (Doc. #1). Accordingly, the motion is due to be denied without prejudice for want of jurisdiction. A separate final order will be entered in accordance with the terms of this memorandum decision.

**DONE** and **ORDERED** this ___17th___ day of January, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE